THOMAS PEACOCK, Constable, v. S. R. HAMMITT.

Previous to the act passed March 4, 1835, the landlord could not follow goods and chattels beyond the demised premises, in the hands of a Constable, who had removed them by virtue of an execution, before notice of rent due and unpaid.— That act has changed the law. The act to prevent the fraudulent removal of goods by a tenant, to defeat the landlord's remedy by distress, *Rev. Laws* 203, *Sects.* 14 and 15, was not made to interfere in any manner with a public officer in the execution of process issued out of a Court of Justice.

This was a *certiorari* directed to the Court of Common Pleas of the county of Burlington, to remove a judgment rendered by that court, on an appeal from the court for the trial of small causes. It was submitted to this court on the following state of the case.

" On the 29th day of March, A. D. 1833, Samuel R. Hammitt, obtained a judgment before James Rogers, Esquire, one of the Justices of the Peace in and for the county of Burlington, against one Isaac Stokes, for seventy-five dollars debt and

twenty-two and a half cents costs of suit—and thereupon on the same day, execution was issued by the said Justice, and delivered to Thomas Peacock, then one of the Constables in the township of Evesham, in said county. On the 30th day of March, A. D. 1833, the said Constable by virtue of the said execution, levied upon certain goods of the said Isaac Stokes, at his dwelling house in the town of Medford, in said county. The levy and inventory were made about 5 A. M.—and about 9 A. M., the goods levied upon and inventoried, were removed by the said Constable from the house of said Isaac Stokes, to the house of one Charles Burr, at the distance of about fifty yards, and there locked up stairs, by the said Constable.

The house in which the said Isaac Stokes lived at the time of the aforesaid levy and inventory, was owned by Zebedee Moore. Stokes rented the house of Moore, for one year, beginning 25th March 1832, and ending 25th March 1833, for the yearly rent of $50. And at the issuing of the execution in favor of Hammitt, all the said rent was due and unpaid. On the 16th of March 1833, before the rent was due, Zebedee Moore gave an order on Stokes, in favor of one Thomas Evans, for $50, which when paid, was to be in full for the year's rent, up to the said 25th March 1833. The order was afterwards, and before the levy and inventory above mentioned, presented by said Thomas Evans to said Stokes, and by him accepted, and so endorsed. It was returned by Evans to Moore, on the first day of April 1833, no part of the amount having been paid. On the same day, but after the order was returned, Moore served upon the said Constable, a notice of rent due, and claiming to have the same paid, before the goods were sold. On the second day of April 1833, Moore authorized the said Constable to detain the goods of Stokes, which he then had in custody under the execution aforesaid, for the aforesaid rent—and on the third day of April, 1833, the said Constable made out an inventory of the said goods, and detained them. The goods were advertised by said Peacock, Constable as aforesaid, to be sold on the 18th day of the same month of April, under the execution of Hammitt —and he also advertised the same goods to be sold on the said 18th day of April, under the said distress. Previous to the

Peacock *v.* Hammitt.

sale, and on the 18th day of April, the goods were appraised by Richard H. Lippincott and Owen Stratton. On the day of, but before the sale, the said Peacock told the said Hammitt, that he would sell under the execution, if he, Hammitt, would indemnify him. An indemnifying bond with sufficient surety, was thereupon prepared and executed and tendered to the said Constable, who received it, and made no objection to it.— Immediately afterwards, Thomas Evans, as the agent of Zebedee Moore, handed an indemnifying bond to said Constable, which was also received. Proclamation was then made, and the goods were sold by said Constable under the aforesaid distress, to the amount of seventy dollars and fifty cents. After the sale was over, Hammitt demanded of the said Constable, the amount of the said sale, as coming to him on his said execution. The Constable refused to pay the same to him, but was willing and offered to pay over the balance in his hands after deducting the aforesaid rent. On the 12th of June 1833, Hammitt instituted an action of debt against the said Thomas Peacock, Constable, before George Haywood, Esquire. On the return day of the summons, plaintiff filed his demand, the cause was adjourned by consent until July 1st 1833—on which day, a trial was had, and a judgment was rendered by the said Justice, in favor of the plaintiff, for seventy dollars and fifty cents debt, and three dollars and twenty-one cents costs. August 9th 1833, an appeal bond duly executed, was tendered to the said Justice, and an appeal demanded and granted. The appeal was entered at the term of August 1833—and thereupon such proceedings were had, that in the term of May 1834, the court of Common Pleas of said county of Burlington, did affirm the judgment of the said Justice, in all things, with costs. This judgment of affirmance, was entered by consent of the parties and their attornies, with an understanding that a *certiorari* should issue out of the Supreme Court, and a state of the case be agreed upon.

Upon the foregoing state of facts, it is agreed between the parties, that if the Supreme Court should be of opinion that the said Hammitt, was entitled to recover of the said Constable, the whole amount of the proceeds of the said sale, over and above his execution fees, then the judgment of the said Court of Com-

Peacock *v.* Hammitt.

mon Pleas, shall be affirmed with costs: but if the Supreme Court shall be of opinion that the said Zebedee Moore was entitled to have his rent paid first out of the proceeds of the said sale, then that the judgment last aforesaid, should be reversed."

B. R Brown, attorney of plaintiff, in *certiorari.*

J. R. Slack, attorney of defendant.

The opinion of the court was delivered by

RYERSON. J.   As this case was submitted without argument, or any note of the points relied on for reversal, we are left to find out as we can, what objection there is to the judgment below.   The parties have failed to comply with the rule of the court, requiring such note to be furnished, where no argument is had; although they have shown a commendable industry in fulfilling the other requirements of the rule.   I can however discover but one question, which I suppose the plaintiff's counsel intended to raise; and that is whether the landlord on a claim for rent, can follow goods and chattels beyond the demised premises, in the hands of a Constable who has removed them by virtue of an execution, before notice of any rent accrued and unpaid.   This point has already been substantially decided by this court, in the case of *Ayers* v. *Johnson*, 2 *Hal.* 119, and I perceive no reason to question the correctness of that decision. The law has now been changed, by the statute passed 4th March, 1835.   *Harrison's Pamphlet acts of* 1834–5, *page* 47. But that act was not passed till after this cause of action arose. There is therefore no error in the record, and the judgment below, must be affirmed.   It is not necessary to look into another question which it would seem the defendant in *certiorari* proposed to raise, in the event of this being decided against him.   I would further remark, that the act to prevent the fraudulent removal by the tenant, of his goods to defeat the landlord's remedy by distress—*Rev. Laws*, 203, *Section* 14, 15, does not apply to this case.   It was not made to interfere in any manner, with a public officer in the execution of process issued out of a court of justice.

HORNBLOWER, C. J. and FORD, J. concurred.

*Judgment affirmed.*